**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JOSEPHINE HAWKINS** | * |
| Plaintiff, | * |
| v. | * Civil No. PJM 15-2169 |
| **MV TRANSPORTATION, INC.,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

On July 24, 2015, *Pro Se* Plaintiff Josephine Hawkins filed a Complaint in this Court against MV Transportation, Inc. (MV), alleging sex discrimination in employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*. After a number of problems with service of process, on June 10, 2016, Hawkins filed a Proof of Service, showing service of the Summons and Complaint on The Corporation Trust Company ("CT Corporation"), MV's registered agent in the State of Maryland. MV never filed an answer nor, until very recently, did it enter an appearance in the case. Accordingly, Hawkins filed a Motion for Clerk's Entry of Default for want of an answer or other defense (ECF No. 20), and on November 4, 2016, the Clerk entered an Order of Default against MV (ECF No. 21). On March 21, 2017, Hawkins filed a Motion for Default Judgment (ECF No. 22), and on April 10, 2017, the Court entered a Default Judgment against MV in the amount of $75,347.60 (ECF Nos. 23 & 24). On July 17, 2017, through counsel, Hawkins had a Writ of Garnishment issued to an MV bank account at Wells Fargo Bank in Riverdale, Maryland (ECF No. 28). The issuance of the Writ stirred MV out of its torpor, and on September 8, 2017, it filed the present Motion to Vacate Default Judgment (ECF No. 31).

For the following reasons, MV's Motion to Vacate Default Judgment (ECF No. 31) will be **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

According to Hawkins, she began her employment with MV in November 2005 at MV's office in Hyattsville, Maryland. Aff. of Hawkins, ECF No. 22-1. As of March 2012, she was serving as a Lead Road Supervisor at MV at a salary of $19 per hour over a forty hour week, plus benefits, including four weeks of paid vacation per year. *Id*. In 2012, she began working for a new supervisor at MV, Dwayne Hendricks. *Id*. At the time Hendricks became Hawkins' supervisor, there were five other Lead Road Supervisors, all male. Compl., Attachment 1, ECF No. 1-1. Aff. of Hawkins. Hawkins had the second most seniority of the six. Aff. of Hawkins.

Hawkins alleges that Hendricks interacted with her differently from the way he did with the other Lead Road Supervisors, solely because of her sex, treating her as if she occupied a lower job position than in fact she held. Compl., Attachment 1. Aff. of Hawkins. Due to this mistreatment, Hawkins claims to have made several complaints to Hendricks. Aff. of Hawkins. All of these complaints, she alleges, were ignored; indeed Hendricks not only dismissed her concerns, he acted maliciously toward her as a result. *Id*. After a year of alleged mistreatment, Hawkins brought her concerns to MV's Human Resources Department, which also did nothing to alleviate the situation. *Id*.

On March 17, 2013, Hawkins claims she was constructively discharged from her position at MV, being unable to continue in what she describes was a discriminatory work environment. Compl., Attachment 1. Aff. of Hawkins. She then filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in 2014, which investigated her charge and concluded that Title VII had not been violated. Compl., Attachment 2, ECF No. 1-2. On April

24, 2015, the EEOC issued Hawkins a right to sue letter, giving her 90 days from the date she received the letter to file suit in federal court. Compl., Attachment 4, ECF No. 1-4.

On July 24, 2015, Hawkins filed her *pro se* Complaint in this Court, raising the same allegations she had made before the EEOC. ECF No. 1. She sought monetary damages in the amount of $300,000. *Id*. at 4.

Hawkins had difficulties with service of process. She first failed to effect service at all, reporting to the Court that she was unaware that she had to serve MV and asking that she be given another opportunity. ECF No. 6. The Court granted her request and ordered the Clerk to re-issue summons. ECF No. 7. The Court then provided Hawkins ten (10) days to complete and return a request for summons to the Clerk and forty-five (45) days from the date the summons was reissued to effect service. *Id.*

Hawkins' first attempt to effect service was unsuccessful. On January 11, 2016, after the Clerk reissued summons as to MV (ECF No. 8), she filed a Proof of Service that indicated that she herself had left the summons with the receptionist at the MV office at 6505 Belcrest Road, Suite 520, Hyattsville, Maryland, 20782. ECF No. 10. On March 14, 2016, the Court issued an Order to Hawkins to Show Good Cause why her Complaint should not be dismissed without prejudice for failure to timely serve MV, explaining that per the Maryland Rules of Procedure (MD R. Civ. P. 2-123, 2-124), service must be effected by a person who is not a party to the litigation and must be made on the defendant's resident agent. ECF No. 11. Hawkins responded that she was not aware that someone else needed to serve MV or that she had to serve MV's Resident Agent, and asked for yet another opportunity to effectuate service. ECF No. 12. The Court granted her request and gave her a third opportunity to effect service, ordering the Clerk to re-issue summons and providing Hawkins ten (10) days to complete and return summons to the

3

Clerk and forty-five (45) days from the date the summons was reissued to effect service. ECF No. 13. On April 29, 2016, the Clerk reissued the Summons. ECF No. 14.

Hawkins' final attempt to effectuate service was apparently successful, and on June 10, 2016, she filed a Proof of Service indicating that the Summons and Complaint had been personally served by Kim Robinson on Matthew Bartynski of CT Corporation in Baltimore, MV's Resident Agent. ECF No. 16. In order to be doubly certain that good service had been effected, the Court had its then law clerk, Christine Bonomo, Esquire, independently call MV's Resident Agent and speak to a representative in the Service of Process Department. That person confirmed that CT Corporation had indeed received the Complaint and Summons and had forwarded both to MV (this sequence is reflected in the Court's internal log, where all actions taken vis-à-vis its cases are recorded by date). The Court then had its law clerk attempt to phone MV at the location listed in Hawkins' Complaint, but there was no answer. The Court then had its clerk call other MV offices in the United States, one of whose franchisees suggested that MV's Maryland locations might no longer be in operation. But eventually, the law clerk determined that MV had a General Manager in MV's Baltimore location, whose name and number she obtained and whom she called, leaving multiple voicemails that he should contact the Court, but no response was ever forthcoming.

On August 12, 2016, the Court sent a letter to Hawkins, informing her that she might be entitled to seek default judgment, and instructed her to advise the Court if she wanted the Court to appoint an attorney to assist her in that regard. Hawkins in fact requested that the Court appoint an attorney as to that (ECF No. 17), whereupon the Court appointed Jeremy R. Feldman, Esquire, as her counsel (ECF No. 18). Through Feldman, Hawkins subsequently filed a Motion for Clerk's Entry of Default (ECF No. 20), which the Clerk of the Court entered in favor of

Hawkins on November 4, 2016 (ECF No. 21). And on March 21, 2017, Hawkins filed a Motion for Default Judgment, seeking $24,240 in back pay and compensatory damages as well as $300,000 in punitive damages against MV. ECF No. 22. On April 10, 2017, the Court granted Hawkins' Motion for Default Judgment, but limited the amount of damages to which she was entitled to back pay, lost fringe benefits, pre-judgment interest, and punitive damages, a total damage award of $75,347.60. ECF Nos. 23 & 24.

On July 13, 2017, Hawkins, through Attorney Feldman, filed a Request for Garnishment of Property Other Than Wages (Financial Institution), asking that the Court issue a Writ of Garnishment against MV's bank account at Wells Fargo Bank in Riverdale, Maryland. ECF No. 25. The Writ of Garnishment was issued on July 17, 2017 (ECF No. 28), and Wells Fargo Bank filed an Answer to the Writ, confessing assets soon thereafter (ECF No. 30).

The Writ of Garnishment finally jolted MV into action. On September 8, 2017, it filed the present Motion to Vacate the Entry of Default, arguing that the Default Judgment was void because the Court lacked personal jurisdiction over MV since it was never served a copy of the Complaint. ECF No. 31.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) addresses the circumstances under which a Default Judgment may be vacated by a court. In order to obtain such relief, a moving party must show that its motion is timely, that it has a meritorious defense to the action, that the opposing party would not be unfairly prejudiced by having the judgment set aside, and that one or more of the six grounds set forth in Rule 60(b) is satisfied. *Park Corp v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1986). In contrast, relief from a default judgment implicates an interest in "finality and repose" and therefore involves a more exacting standard to vacate as compared to a request

to set aside a clerk's entry of default. *United States v. Moradi*, 673 F.2d 725, 727-728 (4th Cir. 1982); *see Also Johnson v. Dayton Elec. Mfg. Co*., 140 F.3d 781, 785 (8th Cir. 1998) ("Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, most decisions… hold that relief from a default judgment requires a stronger showing of excuse that relief from a mere default order") (internal quotation and citations omitted). MV argues that it is entitled to relief pursuant to Rule 60(b)(4) and / or 60(b)(6), which hold that a default judgment may be set aside because the "judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), 60(b)(6). Hawkins, needless to say, opposes the Motion.

### III. ANALYSIS

*A. MV's Motion to Vacate Default Judgment Under Rule 60(b)(4)*

The Court accepts that MV's Motion for Default Judgment under Rule 60(b)(4) meets three of the threshold criteria set forth by *Park Corp.*. First, the Motion is timely because a "Rule 60(b)(4) Motion may be brought to set aside a void judgment at any time." *Bd. of Trs. of the Int'l Union of Operating Eng'rs, Local 37 Benefit Funds v. Chesapeake Crane Serv., Inc*., No. GLR-13-1245, 2016 WL 1253285, at *1 (D. Md. Mar. 30, 2016) (*citing Garcia Fin. Grp., Inc. v. Va. Accelerators Corp.*, 3 F. App'x 86, 88 (4th Cir. 2001)). Second, a "movant claiming relief under Rule 60(b)(4) need not establish a meritorious defense." *Id.* Finally, if the Court were to vacate the default judgment, Hawkins would suffer "no disadvantage . . . beyond that suffered by any party which loses a quick victory." *Choice Hotels Int'l, Inc. v. Bonham*, No. 96-2717, 1997 WL 600061, at *1, n.2 (4th Cir. Sept. 30, 1997). That said, however, MV has failed to adduce sufficient evidence to satisfy the grounds set forth in Rule 60(b)(4).

MV argues that it is entitled to relief under Rule 60(b)(4), alleging that Hawkins did not properly effectuate service of process on MV because she failed to provide a copy of both the Summons and the Complaint to CT Corporation. *Koehler v. Dodwell*, 152 F.3d 304, 306-07 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. . . . Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void.").

In support of its argument, MV has submitted two affidavits, one from John Gray, General Manager of the Washington Metropolitan Area Transit Authority division of MV, located in Hyattsville, Maryland, and one from Brian Hickman, an employee at CT Corporation, the Registered Agent for service of process of MV.

Gray affirms that he conducted "a diligent search to locate Plaintiff's Request for Clerk's Entry of Default, Plaintiff's Motion for Default Judgment and Entry of Relief, and any corresponding Orders from the Court," and that he was unable to locate any such documents or any record that such documents "were ever received by MV Transportation in Hyattsville, MD." Exhibit A. ECF No. 31-2. Gray Affidavit.[1]

Hickman affirms that on "June 9, 2016, a process server served a summons on MV Transportation through CT Corporation," but it "only included a copy of the summons styled Josephine Hawkins v. MV transportation, Inc. The service did not include a copy of a lawsuit or complaint." Exhibit B. ECF No. 31-3. Hickman Affidavit. Hickman has attached as Exhibit 1 to his affidavit an image of the Summons issued on April 29, 2016, and states that "[w]hen documents are received by CT Corporation as legal process they are imaged and the image is

---

[1] The Federal Rules of Procedure do not require that copies of Motions for Default or for Default Judgment be served on a party that has been properly served and has not remanded. Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.").

stored in CT Corporation's enterprise database for recording and managing documents" and that these images are "kept in the regular practice of CT Corporation's business activities." *Id*. Hickman affirms that "Exhibit 1 is a record of the document delivered to CT on June 9, 2016 as imaged." *Id.* Finally, Hickman states that he "diligently searched the records of CT Corporation for any document indexed for the name Josephine Hawkins served in the State of Maryland after January 1, 2015 and could not locate any other documents related to this action that were served by Josephine Hawkins or on her behalf." *Id.*

MV's "evidence" that Hawkins failed to serve a copy of the Complaint on CT Corporation does not suffice to overcome this Court's independently verified evidence to the contrary. Apart from their obvious self-interest in claiming that they never received part or all of the served papers, it is equally probable that Messrs. Gray and Hickman, for one reason or another, simply failed to find a copy of the Hawkins Complaint and Summons among their records even though the papers had been in fact received by either or both CT Corporation and MV. In other words, it is quite as likely that CT Corporation and / or MV were negligent and failed to properly register the suit papers as they should have done. Again, the Court itself expended significant efforts to ensure that Hawkins properly effectuated service on MV before granting her Motion for Default Judgment. On July 27, 2016, the Court's law clerk independently called CT Corporation and spoke to a representative in the Service of Process Department, who expressly confirmed that CT Corporation had in fact received <u>both</u> the Complaint and Summons and that it had provided them to MV. The Court then followed up by calling various MV locations, both in and outside the State of Maryland, in an attempt to confirm that MV had received a copy of the Complaint and Summons. No information as to MV's whereabouts was forthcoming. When the Court's law clerk finally located and tried to contact

the General Manager at MV's Baltimore location, she left two separate voicemails, but no response was ever received. That CT Corporation was served a copy of both the Complaint and the Summons is also supported by the affidavit of Kim Robinson, the process server listed in Hawkins' Proof of Service. ECF No. 33-1. Robinson Affidavit.[2]

Accordingly, the Court finds as a jurisdictional fact that there is sufficient evidence to establish that MV was properly served a copy of both the Complaint and the Summons and that the Court therefore had personal jurisdiction over it. Accordingly, the default judgment against MV is not void for lack of personal jurisdiction and relief under 60(b)(4) is not warranted.

    B. *MV's Motion to Vacate Default Judgment Under Rule 60(b)(6)*

MV also argues that, even if the Court finds that it was properly served, it should grant it relief pursuant to Rule 60(b)(6), which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This is a "catchall provision which allows a court to grant relief for any reason." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). But despite having few textual limitations, 60(b)(6) "may be invoked in only 'extraordinary circumstances.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11, 864 (1988)). "Awarding relief in this 'catch all' category is exceedingly rare." *Williams v. Holley*, No. CV DKC-16-623, 2017 WL 550034, at *4 (D. Md. Feb. 10, 2017).

MV has shown no "extraordinary circumstances" that would justify setting aside the default judgment. Either MV (or someone in its network) did in fact receive the suit papers or through accident, negligence or mistake, no one at MV took note of this lawsuit until now (and

---

[2] The Court rejects MV's assertion that the executed "Proof of Service" filed on June 10, 2016, which does not mention the Complaint, somehow proves that Hawkins failed to serve a copy of both the Complaint and the Summons on CT Corporation. The "Proof of Service" form that was filed is the standard "Proof of Service" form for civil actions in this courthouse and is the exact form that the Court Clerk provided to Hawkins. *See* ECF No 14.

the same may be said of CT Corporation, the Resident Agent). Service on CT Corporation was accomplished on June 9, 2016, more than one *year* before MV's first appearance in the case. MV now shows up the day after the fair. It is apparently a national corporation that operates in more than 200 locations across North America[3] and has "an employee count of 17,000."[4] The idea that it can casually fold its tent and slip away from one business location without any forwarding information is precisely why Maryland and virtually all U.S. jurisdictions require the appointment of a Resident Agent and allow for substitute service. It is far too easy for a Resident Agent or a disappearing company to deny that they have been served with suit papers, thereby automatically undoing any default judgment that might be rendered against the non-answering company. Not in this case. To put it most charitably, either MV or CT Corporate was asleep at the switch. The Court finds none of their assertions credible. What they argue does not rise to the level of an "extraordinary circumstance" excusing MV's failure to participate in the case, nor does it justify setting aside the default judgment against MV.

## IV. CONCLUSION

For the foregoing reasons, MV's Motion to Vacate Default Judgment (ECF No. 31) is **DENIED**. The pending Writ of Garnishment, and any Writ of Garnishment issued hereafter until the judgment is satisfied, may go forward. A separate Order will **ISSUE**.

                **/s/**
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 27, 2017**

---

[3] *See* MV Transportation, Inc. website (November 13, 2017, 1:11 PM), http://www.mvtransit.com/aboutmv.

[4] Matt Joyce, *MV Transportation Acquires Scottish Firm*, Dallas Business Journal (June 4, 2012), *available at* http://www.bizjournals.com/dallas/news/2012/06/04/mv-transportation-acquires-scottish-firm.html.